Third Appellate Department, March, 1900. Reported. 48 App. Div. 638.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAHAR W. DECKER, Respondent, *v.* JEHIEL W. DECKER, County Treasurer of Sullivan county, Appellant.

Order affirmed, with ten dollars costs and disbursements.

All concurred.

No opinion.

Third Appellate Department, March, 1900. Reported. 48 App. Div. 638.

In the Matter of the Petition of HENRY H. LYMAN, for an Order Revoking and Cancelling a Liquor Tax Certificate, Issued to M. A. SUNDERLAND.

THIS is an appeal from an order revoking and cancelling liquor tax certificate in proceedings instituted under subdivision 2 of section 28 of the Liquor Tax Law.

*J. W. Atkinson,* attorney for appellant.

Only one of the offenses charged, to wit: the sale on Sunday, is a trafficking in liquors, the other alleged offenses are violations of the law, but not acts of trafficking in liquors, conviction for which cause a forfeiture of a certificate. (*People* v. *Chase,* 41 App. Div. 12.)

The alleged sale on Sunday by the holder of the certificate is not proven; there is no connection shown between holder of certificate and the person making the sale; even if such connection were shown, there must be two convictions of agent or servant before certificate can be revoked. (Subdivision 3, sec. 34, Liquor Tax Law.)

Forfeiture of the certificate follows only in the cases where there is a judgment of conviction. (*Matter of Lyman* v. *Malcolm Brewing Co.,* 160 N. Y. 96.)

*William E. Schenck,* attorney for respondent.

On appeal every reasonable intendment on questions of law as well as of fact is to be made in support of the judgment. (*Dainese* v. *Allen,* 45 How. 430; *Mellen* v. *Banning,* 76 Hun, 225.)

Upon motion for re-argument in the case of *In re Lyman* v. *Malcolm Brewing Co.,* 160 N. Y. 96, the obiter dictum that the the right to revoke a tax certificate depends upon a criminal conviction, was decided to be a question still open for discussion. (*In re Lyman* v. *Malcolm Brewing Co.,* 161 N. Y. 119.)

The holder of certificate is not entitled to trial by jury in proceedings to cancel and revoke. (*In re Lyman* v. *Erie Co. Athletic Club,* 46 App. Div. 387, affirmed, 163 N. Y. 552; see also *In re Livingston* v. *Shady,* 24 App. Div. 51.) Even if defendant had been entitled to jury trial he has, nevertheless, waived his right thereto. (*Adams* v. *Brady,* 67 Hun. 521; *Penn. Coal Co.* v. *Delaware Canal Co.,* 1 Keyes, 72; *Baird* v. *The Mayor,* 74 N. Y. 382; *Gleason* v. *Keteltas,* 17 N. Y. 491; *West Point Iron Co.* v. *Reyment,* 45 N. Y. 703.) Defendant was still the "holder" of such certificate within the meaning of that word as used in section 28. (*In re Lyman* v. *Fagan,* 26 Misc. 300; *In re Michell* v. *James,* 41 App. Div. 271.)

A party is not compelled to prove his case in conformity with the testimony of his first witness, and if such witness be or becomes hostile and denies the fact upon which the party relies to establish his cause of action, it does not preclude him from offering testimony in conflict therewith and in support of his pleading. (Am. & Eng. Ency. of Practice, Vol. 10, pp. 316, 317, and cases cited.)

The acts of defendant's husband in a part of the house wherein they both resided, must, under circumstances of case, be deemed acts of defendant. (*In re Michell* v. *James,* 41 App. Div. 271; *In re Kriegel* v. *Malone,* 28 Misc. 622; *In re Lyman* v. *Veeder,* 29 Misc. 524.)

Proof of sale by an agent in the principal's saloon is *prima facie* proof of a sale by principal. (*Amerman* v. *Kall,* 34 Hun, 126.)

Defendant was civilly liable for wrongful acts of her husband, her servant, or agent whether committed with or without her knowledge and consent. (*Smith* v. *Reynolds,* 8 Hun, 129; *Overseer of Poor* v. *Hall,* 20 Weekly Digest, 33; *Lee* v. *Village of Sandy Hill,* 40 N. Y. 448; Story on Agency, p. 563.)

The referee had no power to rule upon questions of evidence.

He was appointed solely to take the testimony and report to the court for its convenience. (Laws 1896, chap. 112, § 28, subd. 2 as amended by Laws of 1897, chap. 312; *Fox* v. *Moyer*, 54 N. Y. 125.)

Order affirmed, with ten dollars costs and disbursements.

All concurred.

No opinion.

---

*Third Appellate Department, March, 1900. Reported. 48 App. Div. 639.*

In the Matter of the Petition of HENRY H. LYMAN to Recover the Liquor Tax Certificates of PATRICK RYAN and Eleven Others.

It was stipulated by the parties that the appeals herein should be withdrawn, if the Court of Appeals held in the Matter of Campbell v. Robinett, that a conviction is not a condition precedent in order to give a court or judge jurisdiction to revoke and cancel a liquor tax certificate under subdivision 2 of section 28 of the Liquor Tax Law.

When the Court of Appeals affirmed the decision of the court below in Matter of Campbell v. Robinett (162 N. Y. 612, affirming 46 App. Div. 634), the parties defendant refused to withdraw their appeals.

Ordered, that the appeal in each of these cases be dismissed, unless the appellant, within twenty-four hours after service of a copy of this order, withdraws the appeal therein in accordance with stipulation filed.

---

*Second Appellate Department, March, 1900. Reported. 49 App. Div. 84.*

In the Matter of the Petition of FRANK TONATIO, Appellant, for an Order Revoking and Canceling the Liquor Tax Certificate Granted to ANGELO DEPERINO, Respondent.

Liquor tax certificate—A false answer in a first application, referred to in an application for a renewal, vitiates the latter.

Where a person who has procured a liquor tax certificate, by making a false answer to a question contained in the application therefor, refuses to answer a similar question contained in his application for a renewal